The Attorney General has considered your request for an official opinion wherein you ask the following question: "If an individual member as defined under 2 O.S. 361j [2-361j] becomes a partner or shareholder of an entity (partnership or corporation), which entity is eligible for membership, can the individual still be considered to be engaged in the production of agricultural products so he may keep his stock identity in the Cooperative?" It should be noted initially that no court has construed the referenced statute in regard to the question posed. It is, therefore, incumbent upon us to use the rules of statutory construction commonly used by the courts. The fundamental rule of construction is to ascertain the intent of the Legislature at the time the legislation was enacted for passage of the statute. Seventeen Hundred Peoria, Inc. v. City of Tulsa, 422 P.2d 840 (Okl. 1966). To ascertain that intent, it is necessary to first look to the plain, ordinary meaning of the words used and, thereby, determine if the plain meaning of the term used achieves the overall purpose of the legislation, Id. Section 2 O.S. 361j [2-361j] of Title 2, Oklahoma Statutes states in pertinent part: "(a) Under the terms and conditions prescribed in the bylaws adopted by it, an association may admit as members or issue common stock to only cooperative associations and/or persons engaged in the production of agricultural products to be handled by or through the association, including the lessees and tenants of land used for the production of such products and any lessors and landlords who receive as rent all or part of the crop raised on the leased premises. An association organized hereunder may become a member or stockholder of any other cooperative association organized in this or any other state. "(b) A member shall lose his membership and voting rights if he ceases to belong to the class of persons eligible for membership under this Section, but he shall remain subject to any liability already incurred by him as a member of the association and shall be entitled to receive from the association within three years after his ceasing to be a member the value of his membership interest in the association subject to the conclusive appraisal by the Board of Directors. If the association shall approve the member's designation of a transferee of his membership interest the association shall be under no obligation to pay the transferor the value of this interest." Under the clear, unambiguous language of subsection (a), quoted above, only "cooperative associations and/or "persons engaged in the production of agricultural products to be handled by or through the association, including the lessees and tenants of land used for the production of such products and any lessors and landlords who receive as rent all or part of the crop raised on the leased premises," are eligible for membership in a cooperative marketing association organized under the Act. Since your question does not involve membership by cooperative associations in other cooperative associations the following discussion will be limited to membership as a "person." Section 2 O.S. 361b [2-361b](d), Title 2, Oklahoma Statutes, defines the term "person" as used in the Act: "The term 'person' shall include: individuals, partnerships, firms, corporations, and associations." Manifestly, by the clear, unambiguous language of the statute, membership in a cooperative marketing association organized under the Act is permitted by Section 2 O.S. 361j [2-361j] (a) to individuals, partnerships, firms, corporations and associations only if said individuals, partnerships, firms, and corporations and associations are "engaged in the production of agricultural products to be handled by or through the association including the lessees and tenants of land used for the production of such products and any lessors and landlords who receive as rent all or part of the crop raised on the leased premises." Adopting as we must a liberal construction of the Act, 2 O.S. 361a [2-361a] (1971), it must be said that membership in cooperative marketing associations is to be permitted only to entities qualified by law to be members of the association. Those legal entities initially qualified by statute for membership as "persons" are required to be "engaged in agricultural production to be marketed by or through the association" including persons who are lessees of land used for production of such products and landlords who receive as rent crops raised on the leased premises. The membership of the association through enactment of by-laws, may further refine qualifications for membership as a "person," provided said refinements do not permit membership of entities not initially qualified for membership under the Act. 2 O.S. 361i [2-361i] (1971). Clear on the face of the statute is the requirement of 2 O.S. 361j [2-361j](b) (1971) that a member who ceases to belong to the class of persons eligible for membership thereby loses the right to retain membership and voting rights in the cooperative marketing association. The Attorney General, of course, can only answer questions of law, 74 O.S. 18b [74-18b](q) (1971). The question posed in your request can either be answered in the affirmative or the negative depending upon the fact situation and the by-laws adopted by the association. The statutes only require that to be qualified for membership as an individual member, that individual must meet the necessary qualification of being engaged in the production of agricultural products for marketing by or through the association or be a lessee of land used for production of such products or a landlord who receives as rent crops raised on the leased premises. Whether the individual meets these statutory qualifications as further refined by the by-laws of the association, is a question of fact and not of law which we are not able to decide. That an individual owns or controls a corporation or partnership that is eligible for membership in the cooperative marketing association does not, in itself, qualify the individual for membership in the association, but such individual membership is dependent upon the individual qualifying as an eligible entity by personally meeting the statutory criteria as further refined by the association's bylaws. It is, therefore, the official opinion of the Attorney General that he cannot answer the question of fact posed by your question. Membership as a "person" in a cooperative marketing association is limited by 2 O.S. 361j [2-361j] (1971) to those entities included in the 2 O.S. 361b [2-361b](d) (1971) definition of person. Unless the entity qualifies for membership by individually satisfying the statutory requirements for membership, as refined in the association's by-laws, the entity is not eligible for membership in the cooperative marketing association. If an individual member ceases to individually satisfy the statutory requirements, as refined in the association's by-laws, that individual member must lose membership and voting rights in the association. 2 O.S. 361 [2-361](b) (1971). An individual member does not qualify for membership or continue to qualify for membership merely by owning or controlling an entity that is eligible for membership. (Charles S. Rogers)